UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Carmon Lang,

        Plaintiff,

vs.

City of Minneapolis, Minnesota, a government entity and political subdivision of the state of Minnesota and Minneapolis Police Officers "1-10", Badge numbers ____, in their respective individual capacities acting under color of law as Minneapolis Police Officers,

        Defendants.

COURT FILE NO. 13-cv-3008
(DWF/TNL)

**STIPULATION FOR A PROTECTIVE ORDER**

---

Plaintiff and Defendants, by and through their respective counsel, hereby agree and stipulate as follows:

1. Information will be requested that is maintained as private or confidential information, or is categorized as such by state or federal law.

2. The parties are stipulating to the entry of a Protective Order restricting the use or dissemination of such information in accordance with its terms.

3. The terms and conditions for documents under this Stipulation for Protective Order are:

   a. Documents specifically marked "Confidential" will be covered by this Order.

1

b.  Confidential materials and information derived therefrom shall be disclosed to and used by only "Qualified Persons," as defined in subparagraph f. below.

c.  "Confidential materials" shall not include (i) public and private data of and concerning the Plaintiff, as defined by Minn. Stat. §§ 13.02 subd. 15 and 13.04 subd. 3, to which Plaintiff has a lawful right of access, nor shall they include (ii) public data, as defined by Minn. Stat. § 13.02 subd. 14 and 15, that is not of and concerning Plaintiff. If any party believes that the other has labeled such data "Confidential" or "Attorney Eyes Only," that party shall follow the procedure set forth in paragraph p. below.

d.  This protective order shall not be construed to impair rights and claims that Plaintiff makes under the Minnesota Government Data Practices Act, nor shall it be construed to impair or supersede her present motion for partial summary judgment as to liability on Claim XIII of her Verified Complaint (violation of the Minnesota Government Data Practices), nor any future motion by Plaintiff under Claim XIII, nor any pursuit of relief under the Minnesota Government Data Practices Act at trial.

e.  If counsel wish to use or inquire about Confidential materials or information derived therefrom at any deposition, the portion of the deposition transcript that relates to the Confidential materials or information derived therefrom may be designated as "Confidential," and, if so designated, the portion of the deposition transcript so designated shall be treated as Confidential materials subject to the provisions hereof.

f.  Confidential materials (including portions of deposition transcripts that are designated as "Confidential") or information derived therefrom may be disclosed or made available by counsel for the parties only to "Qualified Persons" as defined herein. "Qualified Persons" are:

2

      i.      The Court (subject to the provisions of subparagraph i. hereof);

      ii.     Counsel to the parties to the action and the paralegal, clerical, secretarial staff employed by such counsel, and expert witnesses and their staff retained by the parties;

      iii.    Court reporters employed in connection with any deposition in the action;

      iv.    Any other person that the parties agree to in writing; and

      v.     The parties.

g.    Confidential materials or information derived therefrom shall not be disclosed by any Qualified Person to any other person or persons, except as provided in subparagraph i. hereof.

h.    If Confidential materials (including portions of deposition transcripts) or information derived therefrom are to be included in any papers to be filed in the court, such papers shall be labeled "Confidential," filed under seal, and kept under seal until further order of the Court.

i.     Nothing contained in this Order shall preclude a party from showing any Confidential materials or disclosing information derived therefrom to any party, or actual or potential third party witnesses while testifying at a deposition or at trial, provided that:

      i.      If such disclosure is at a deposition, only Qualified Persons may be present, except for counsel for the witness;

      ii.     The party, or actual or potential witness may not be given a copy of any Confidential materials to take with him or her; and

      iii.    The party, or actual or potential witness shall be provided a copy of this Order and advised that it is applicable to him or her. Such party, or actual or potential witness and his or her attorney shall be bound by subparagraph b. of this Order requiring that Confidential materials be held in confidence, and shall not disclose the Confidential materials nor any information derived from them to anyone who is not a Qualified Person within the meaning of this Order.

j.    In the event that any Confidential material or information derived therefrom is used in a court proceeding herein, such documents or information shall not lose their confidential status through such use.

k.    Nothing herein shall be construed to affect in any way any party's right to object to the admissibility of any document, testimony, or other evidence at trial.

l.    The Confidential materials covered by this Order shall not be given, conveyed, or otherwise transmitted to any member of the broadcast or print media. The parties shall not disclose any of the information contained in the Confidential materials to any member of the broadcast or print media or their agents. It is expressly understood that the parties may not use Confidential materials for any purpose or advantage outside the scope of the issues directly addressed by this action.

m.    Documents may also be designated as "Attorney Eyes Only," which shall be considered a subset of Confidential materials. Such documents can only be disclosed to Qualified Persons in categories 3.f.i., 3.f.ii., 3.f.iii. and 3.f.iv. above.

n.    If a party receives a subpoena or other court process that arguably calls for the production of Confidential materials or Attorneys Eyes Only documents, the party, upon receipt of the subpoena or other process, shall notify counsel for Plaintiffs and all parties before producing such Confidential materials.

o. Upon termination of this litigation, counsel shall return all Confidential materials and Attorneys Eyes Only documents and copies thereof to opposing counsel upon request, after notification of said termination.

p. Any party may request a change in the designation of any information designed "Confidential" or "Attorneys Eyes Only." Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" or "Attorneys Eyes Only" in the action may be affected. The party asserting that the material is Confidential or for Attorneys Eyes Only shall have the burden of proving that the information in question is within the scope or protection afforded by Fed. R. Civ. P. 26(c).

q. The designation of any document, or information, or thing as Confidential or Attorneys Eyes Only under this Order is for purposes of this Protective Order only and shall not be used for the purpose of interpretation or other legal or substantive issues raised in this litigation apart from the application of this Order.

r. The Defendants will not produce home addresses, home phone numbers, medical and psychological data, or social security numbers of any Defendant or City employee.

Dated: *January 28, 2014*

SUSAN L. SEGAL
City Attorney
By

*Sarah McLaren*

SARAH C.S. McLAREN (#345878)
Assistant City Attorney
Office of the Minneapolis City Attorney
350 South 5th , Room 210
Minneapolis, MN 55415

5

Phone: (612) 673-2183
Fax: (612) 673-3362
Sarah.McLaren@minneapolismn.gov

**ATTORNEYS FOR DEFENDANTS**

Dated: 01/30/2014

MARK LUTHER LAW OFFICE

/s/Mark Luther

Mark D. Luther, MN Att'y #65419
Attorney for the Plaintiff
13911 Ridgedale Drive, Suite 401B
Minnetonka, Minnesota 55305
952.931.9398/FAX 952.931.9347
marklutherlawoffice@mac.com
www.marklutherlawoffice.com

Dated: 01/30/2014

PETER J. NICKITAS LAW OFFICE, LLC

/s/ Peter J. Nickitas

Peter J. Nickitas, MN Att'y #212313
Co-counsel for the Plaintiff
431 S. 7th Street, Suite 2446
P.O. Box 15221
Minneapolis, Minnesota 55415-0221
651.238.3445/FAX 1.888.389.7890
peterjnickitaslawllc@gmail.com

**ATTORNEYS FOR PLAINTIFF**