---

CARMON LANG,                      CASE FILE 13 CV 3008 DWF/TNL

    Plaintiff,                      **AMENDED COMPLAINT**

vs.                                **<u>JURY DEMANDED</u>**

CITY OF MINNEAPOLIS, MINNESOTA,      SMOOTH
a government entity and political subdivision of the state of Minnesota,

BRANDY STEBERG,
In own individual capacity acting
Under color of law as a Minneapolis Police Officer,

AND

KARL SAUSKOJUS,
In own individual capacity acting
Under color of law as a Minneapolis Police Officer,

    Defendants.

---

## INTRODUCTION

Carmon Lang, an African-American adult domiciliary of Minneapolis, Hennepin County, Minnesota, sues the City of Minneapolis, Brandy Steberg, and Karl Sauskojus, for their joint and several actions under color of law, for unreasonable seizure and infliction of excessive, unreasonable force against her person on 6 – 7 November 2013 in Minneapolis in a manner showing gender and racial bias against her. The officers seized her and humiliated her by coercing her to remove partially her own brassiere to show she was not in possession of unlawful controlled substances, for which the officers had neither a search warrant nor articulable reasonable suspicion when they seized Ms. Lang as a passenger in an automobile.

The officers' violated her clearly established, federally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution, for which 42 U.S.C. § 1983 provides remedy, to be free from unreasonable seizure, infliction of excessive, unreasonable force, and denial of equal protection of the law on account of gender or race. She sues Officers Steberg and Sauskojus in their respective individual capacities for their actions under color of law as Minneapolis police officers.

The officers committed common law false arrest, false imprisonment, and common law battery upon Ms. Lang. The officers, acting in the course and scope of their employment as police officers, expose the City of Minneapolis to liability by *respondeat superior* for these common law torts.

The officers violated Ms. Lang's right to be free from gender and race discrimination as a recipient of public service, specifically, interaction with law enforcement officers. The officers, acting in the course and scope of their employment as police officers, expose the City of Minneapolis to liability by *respondeat superior* for violation of the Minnesota Human Rights Act prohibition against gender and race discrimination in public services under Minn. Stat. § 363A.12.

In the midst of her seizure, Ms. Lang demanded the seizing officers' names and badge numbers. The officers refused her requests, and threatened her with arrest, imprisonment, and prosecution for demanding this information. Although the officers confined Ms. Lang against her will for one hour, the incident at the heart of this lawsuit resulted in no summons, citation, criminal complaint, or criminal prosecution of any kind against Ms. Lang. In so confining and humiliating Ms. Lang, the individual officers

violated Ms. Lang's clearly established right of freedom of speech in her peaceful challenge to police authority.

Ms. Lang, through her attorneys, has made multiple requests for access upon the City of Minneapolis to public records, including police reports concerning her that would identify the individual officers by name and badge numbers, relating to the incident in North Minneapolis on 6 – 7 November 2012. Ms. Lang made her first request in February 2013. Ms. Lang determined the identities of the officers on 13 February 2014, with the disclosures of the supplements to the original police report during the pendency of this lawsuit.

The City's delays in granting access to data to which Plaintiff has claimed a right of access as a matter of law have made it necessary to bring suit against the City for violation of Ms. Lang's right of access to public and private data concerning herself under Minn. Stat. §§ 13.04 subd. 3 and 13.08 subd. 1, 2, and 4 of the Minnesota Government Data Practices Act.

Ms. Lang demands damages in excess of seventy-five thousand dollars (>$75,000) against the City of Minneapolis, or such sum as the jury may allow, and all other declaratory, equitable, and legal relief that the Minnesota Human Rights Act and Minnesota Government Data Practices Act allow. She demands in excess of seventy-five thousand dollars (>$75,000) against the individual defendant officers, Defendant Steberg and Defendant Sauskojus, jointly and severally, or such sum as the jury may allow, for general, compensatory damages. She demands in excess of seventy-five thousand dollars (>$75,000), or such sum as the jury may award, in punitive damages against the

individual defendants, jointly and severally, for violation of her clearly established, constitutional rights to be free unreasonable seizure and infliction of excessive, unreasonable force. Ms. Lang demands trial by jury on all claims triable to the jury.

**SUBJECT MATTER JURISDICTION**

1. Ms. Lang states claims that implicate rights under U.S. Const. amend. I, IV, and XIV.

2. 42 U.S.C. § 1983 provides a remedy for violation of clearly established, federally protected rights.

3. 28 U.S.C. §§ 1331 and 1343(a)(4) vest jurisdiction in the United States District Court.

4. Ms. Lang states claims under the laws of the state of Minnesota.

5. 28 U.S.C. § 1367 vests supplemental jurisdiction over her Minnesota law claims in the United States District Court.

**VENUE**

6. The substantial number of events at the heart of this lawsuit occurred in Hennepin County, Minnesota.

7. One or more Defendants, including the City of Minneapolis, are found in Hennepin County, Minnesota.

8. 28 U.S.C. § 1291 lays venue in the United States District Court for the Judicial District of Minnesota.

9. LR D. Minn. 83.11 lays venue in the Fourth Division, United States District Court for the Judicial District of Minnesota.

**PARTIES**

10. Ms. Carmon Lang is an adult individual.

11. Ms. Lang domiciles in Minneapolis, Hennepin County, Minnesota.

12. Ms. Lang is an African-American woman.

13. The City of Minneapolis is a government entity and political subdivision of the state of Minnesota under Minn. Stat. § 13.02 subd. 7a of the Minnesota Government Data Practices Act.

14. The City of Minneapolis is a public service of the state of Minnesota under Minn. Stat. § 363A.03 subd. 35 of the Minnesota Human Rights Act.

15. Defendants Brandy Steberg and Karl Sauskojus are adult individuals.

16. At all times relevant to this lawsuit, Defendants Steberg and Sauskojus acted under color of law as licensed police officers in the employ of the City of Minneapolis.

17. At all times relevant to this lawsuit, Defendants Steberg and Sauskojus acted in the course and scope of their respective employments as licensed police officers in the employ of the City of Minneapolis.

18. Plaintiff Carmon Lang sues Defendants Steberg and Sauskojus, jointly and severally, in their respective individual capacities.

**THE FACTS**

19. On the evening of Tuesday 6 November 2012, Plaintiff Carmon Lang celebrated the reelection of President Barack Obama with relatives at the home of Deon Wesley, on the 2600 block of N. Logan Avenue in Minneapolis.

20. Ms. Lang celebrated with Mr. Raymond Griffin, nephew of Mr. Wesley.

21. Plaintiff left his uncle's home with Mr. Griffin at approximately 0045 (12:45 a.m.), 7 November 2012.

22. Plaintiff was a passenger in the vehicle that Mr. Griffin drove, a 1996 Chevrolet Tahoe, whose owner was one Marty Brown.

23. Mr. Griffin took a right on Broadway, crossed Penn Avenue North, and one Minneapolis Police Department squad car pulled him over.

24. Three additional marked squad cars and one unmarked gray truck arrived at the scene of the seizure of Mr. Griffin, Ms. Lang, and the 1996 Tahoe.

25. At the vicinity of the seizure of Plaintiff and Mr. Griffin, the following video recorders potentially recorded images of the seizure of Plaintiff: one police camera at Logan and Broadway, one or more video recorders at the CVS Pharmacy nearby, and dash cameras from each Minneapolis police squad car that arrived.

26. One police officer in uniform approached Plaintiff's vehicle.

27. The officer remarked to Plaintiff, in relation to her answer to his question as to where she had been, "Four more years of celebrating more bullshit."

28. One police officer, Officer Brandy Steberg, physically grabbed the Plaintiff.

29. Officer Steberg had his firearm drawn on Plaintiff.

30. With no warrant for a search or the Plaintiff's arrest, no communicated reason for searching the Plaintiff, and his firearm drawn, Officer Steberg coerced Plaintiff into grabbing her brassiere from her outside garment, and shake the brassiere to show she had no illegal drugs hidden in her brassiere.

31. Plaintiff had no contraband, no illegal drugs, or unlawful controlled substances upon her.

32. The coerced search revealed no contraband, illegal drugs, or unlawful controlled substances.

33. Plaintiff demanded the officer's name and badge number.

34. The arresting officer, Officer Steberg threatened to arrest Plaintiff for demanding his name and badge number.

34A. Defendant Karl Sauskojus assisted Officer Steberg in seizing Plaintiff.

35. Officer Steberg then grabbed her right arm and handcuffed her.

36. As Officer Steberg grabbed and handcuffed her, Plaintiff heard a "popping sound" coming from her right shoulder.

37. Plaintiff immediately felt great pain in her right shoulder, and immediately told the officer that she thought the officer had dislocated her shoulder.

38. Plaintiff had left her purse in the Tahoe.

39. One squad car transported Plaintiff to the Minneapolis Police Department Fourth Precinct Headquarters.

40. The police transported Plaintiff separately from Mr. Griffin.

41. The Defendant individual officers, Steberg and Sauskojus, seized Plaintiff for approximately one hour at Fourth Precinct Headquarters, where she was handcuffed her to a chair and was photographed by the officer who handcuffed her.

42. The officers did not charge Plaintiff with any offense.

43. To this day, Plaintiff has received no summons, citation, criminal complaint, information, or other document initiating a criminal prosecution for the events relating to her warrantless arrest as a passenger in the 1996 Tahoe on 7 November 2012.

44. The police released Mr. Griffin after a "seventy-two hour hold".

45. In the search incident to the arrest, police found currency determined to be counterfeit currency on Mr. Griffin's person.

46. Ms. Lang had no counterfeit currency on her person, nor did she handle counterfeit currency, at any time relevant to this lawsuit.

47. Neither the state, nor Hennepin County, nor the City of Minneapolis has charged Mr. Griffin with any offense arising from the 7 November 2012 warrantless arrest.

48. Plaintiff's sister Leslie Lang came to Fourth Precinct Headquarters to get Plaintiff.

49. Plaintiff's sister took Plaintiff to North Memorial Hospital in Minneapolis right after she took her out of police custody.

50. Plaintiff had an X-ray of her right shoulder.

51. The shoulder remained painful and restricted Plaintiff's ability to move her shoulder and right arm.

52. Plaintiff underwent an MRI ten days later.

53. The MRI revealed a right shoulder rotator cuff tear.

54. Plaintiff underwent surgery to repair the right shoulder rotator cuff tear after the MRI, on 9 January 2013.

55. Plaintiff underwent a course of physical therapy and rehabilitation from the date of surgery through August 2013.

56. Plaintiff has recovered some of her right shoulder strength and range of motion that she enjoyed before 7 November 2012.

57. Plaintiff's right should causes pain to her when she cleans her house, washes hair, and serves food and drinks.

58. These tasks did not cause pain to Plaintiff before 7 November 2012.

59. The greatest loss to Plaintiff is the inability to do other people's hair for income as a self-employed hairdresser, as the direct result of the warrantless, unlawful seizure and injury to her right shoulder by the Defendants.

61. On or about 4 December 2012, Plaintiff received by email a copy of the Incident Detail Report for incident 12-347920 from the City of Minneapolis, after her request for access to records relating to the incident.

62. Plaintiff served a notice of claim on the City of Minneapolis on or about 8 February 2013, through her attorney.

62. On or about 8 February 2013, with assistance from counsel, Plaintiff served her second request for access to public and private data relating to herself and the circumstances of the 7 November 2012 incident, in accordance with Minn. Stat. §§ 13.04 subd. 3 and 13.03 subd. 3 of the Minnesota Government Data Practices Act.

63. The City of Minneapolis responded on or about 12 February 2013 with a four-page police report for CCN MP-12-347920 that identified reporting officer Brandy Steberg, Badge 6767, assisting officer Christopher Tucker, Badge 7856, Squad 494, and supervising officer Sergeant David Michael Robinson, Badge 6060.

64. On or about 18 February 2013, Plaintiff served a Notice of Claim on the City of Minneapolis for her injuries on 7 November 2012.

65. On or about 10 June 2013, Plaintiff received acknowledgement of the Notice of Claim.

66. On or about 20 June 2013, Plaintiff through counsel requests access to data, including video and audio recordings of the incident taken by units at the scene, viz., 494 (Officers Brandy Steberg and Christopher Tucker), 955 (Officer Andrew Bittell), 924 (Officers Oscar Macias and Ricardo Muro), 495 (Officer Karl Sauskojus), 424 (Officers Steve Herron and Daniel McDonald), 430 (Officers Gretchen Bloss and Richard Walker), 927 (Officers Jeff Kading and Brandon Kitzerow), and 431 (Officers Lauren Peterson and Bridget Reilly).

67. On or about 20 June 2013, in the same letter through counsel, Plaintiff demanded the identity of the officer who seized her, his partner, and all Minneapolis Police Department protocols relating to individual searches, the use of firearms, and the use of handcuffs upon an individual at the time of a seizure of the individual.

68. On or about 2 July 2013, the City provided a two page public document for MP-347920.

69. The City failed to identify the officer who seized Plaintiff.

70. The City failed to identify the officer who placed handcuffs on the Plaintiff.

71. The City failed to identify the officer who transported Plaintiff to the Fourth Precinct Headquarters.

72. Minneapolis Police Department Regulation 5-306, "Use of Force", requires a CAPRS report for incidents involving injuries involving handcuffs.

73. On or about 26 August 2013, through counsel, Plaintiff once again requested access to the CAPRS report identifying the officer who handcuffed her.

74. To this date, eleven months since Plaintiff's first request for access to data, and more than eight months since her first request for access to data with the assistance of her attorney, Defendant City of Minneapolis has failed to provide (a) video recording of Plaintiff; (b) audio recordings of Plaintiff; (c) photographs of Plaintiff; (d) police records identifying the individual officer who handcuffed and injured Plaintiff; and (e) with the exception of the incident report and the public portion of CCN MP 12-347920, all private and public data relating to the Plaintiff in the incident of 7 November 2012 at the heart of this lawsuit.

75. The actions of Defendant City of Minneapolis have inflicted compensatory damages upon Plaintiff in excess of seventy-five thousand dollars (>$75,000).

76. The actions of the individual Defendants, Steberg and Sauskojus, jointly and severally, have inflicted compensatory damages upon Plaintiff in excess of seventy-five thousand dollars (>$75,000).

## CLAIM I: UNREASONABLE SEIZURE (U.S. CONST. AMEND. IV AND XIV, THROUGH 42 U.S.C. § 1983)

77. Plaintiff realleges and reasserts each and every claim and averment above.

78. On 7 November 2012, at or near 0045 (12:45 a.m.), in Minneapolis, Minnesota, Defendants Steberg and Sauskojus, jointly and severally, in their individual capacities, under color of law as law enforcement officers, violated Plaintiff's clearly established right to be free from unreasonable seizure of her person, without warrant, without consent, and without any other lawfully recognized exception to the constitution requirement for a warrant, under the Fourth and Fourteenth Amendments to the United States Constitution, protected through 42 U.S.C. § 1983 in their warrantless arrest of Plaintiff while a passenger in the vehicle driven by Mr. Griffin, and without any articulable suspicion of unlawful conduct on Plaintiff's part, prior to, or during the seizure of the vehicle,, the Plaintiff, and Mr. Griffin.

79. Defendants Steberg and Sauskojus, jointly and severally, seized Plaintiff's person with intentional, reckless, or conscious disregard of her rights to be free from unreasonable, warrantless search of her person.

80. Defendants Steberg and Sauskojus, jointly and severally, inflicted damages upon Plaintiff in excess of seventy-five thousand dollars (>$75,000), or such sum as the jury may award.

## CLAIM II: UNREASONABLE SEARCH (U.S. CONST. AMEND. IV AND XIV, THROUGH 42 U.S.C. § 1983)

81. Plaintiff realleges and reasserts each and every claim and averment above.

82. On 7 November 2012, at or near 0045 (12:45 a.m.), in Minneapolis, Minnesota, Defendants Steberg and Sauskojus, jointly and severally, in their individual capacities, under color of law as law enforcement officers, violated Plaintiff's clearly established right to be free from unreasonable search of her person, without warrant, without consent, and without any other lawfully recognized exception to the constitution requirement for a warrant, under the Fourth and Fourteenth Amendments to the United States Constitution, protected through 42 U.S.C. § 1983 in their warrantless search of Plaintiff's person, particularly in coercing her to pull her brassiere while grasping her over-garments and shake her brassiere to show she was not carrying unlawful controlled substances or contraband, while a passenger in the vehicle driven by Mr. Griffin, and without any articulable suspicion of unlawful conduct on Plaintiff's part, prior to, or during the seizure of the vehicle,, the Plaintiff, and Mr. Griffin.

83. Defendants' Steberg's and Sauskojus' joint and several search of Plaintiff's person was not reasonable under clearly established existing law on account of the lack of a search warrant, the lack of consent, the lack of exigent circumstances, the lack of probable cause to search Plaintiff's person incident to the stop of the motor vehicle driven by Mr. Griffin, and the lack of any other exception under the law to search Plaintiff's person.

84. Defendants Steberg and Sauskojus, jointly and severally, searched Plaintiff's person with intentional, reckless, or conscious disregard of her rights to be free from unreasonable, warrantless search of her person.

85. Defendants Steberg and Sauskojus, jointly and severally, inflicted damages upon Plaintiff in excess of seventy-five thousand dollars (>$75,000), or such sum as the jury may award.

## CLAIM III: INFLICTION OF EXCESSIVE, UNREASONABLE FORCE (U.S. CONST. AMEND. IV AND XIV, THROUGH 42 U.S.C. § 1983)

86. Plaintiff realleges and reasserts each and every claim and averment above.

87. Defendants Steberg and Sauskojus, jointly and severally, in their respective individual capacities under color of law as Minneapolis police officers, injured Plaintiff's right shoulder rotator cuff in the course of seizing her and then handcuffing her.

88. Defendants' Steberg's and Sauskojus' use of force that caused the injury to Plaintiff's right shoulder rotator cuff comprised unreasonable, excessive infliction of force under clearly established existing law because Plaintiff did not resist the Defendants, and because the Defendants' initial application of force to the Plaintiff's person lacked lawful authority under clearly established existing law.

89. Defendants Steberg and Sauskojus, jointly and severally, inflicted excessive, unreasonable force upon Plaintiff's person with intentional, reckless, or conscious disregard of her clearly established rights to be free from infliction of excessive, unreasonable, force upon her person.

90. Defendants Steberg and Sauskojus, jointly and severally, inflicted damages upon Plaintiff in excess of seventy-five thousand dollars (>$75,000), or such sum as the jury may award.

## CLAIM IV: RETALIATORY SEIZURE (U.S. CONST. AMEND. I, IV, AND XIV, THROUGH 42 U.S.C. § 1983)

91. Plaintiff realleges and reasserts each and every claim and averment above.

92. Defendants Steberg and Sauskojus jointly and severally, acting under color of law, seized Plaintiff's person without warrant, consent, exigent circumstance, or other clearly established lawful authority.

93. Defendants Steberg and Sauskojus jointly and severally, acting under color of law, inflicted physical injuries upon Plaintiff's person, viz., injury to her right shoulder rotator cuff, without warrant, consent, exigent circumstance, or other clearly established lawful authority.

94. Plaintiff's peaceful, nonviolent verbal demand for the name and badge number of the individual law enforcement officer who seized, handcuffed, and injured her right shoulder was a motivating factor, and played a part in the Defendants' infliction of excessive force and bodily physical injury upon Plaintiff.

95. Defendants Steberg and Sauskojus, jointly and severally, retaliated against Plaintiff because of her nonviolent, peaceful demand for the name and badge number of the individual defendant law enforcement officer who handcuffed her and injured her right shoulder rotator cuff, with intentional, reckless, or conscious disregard of her clearly established rights to be free from retaliatory infliction of excessive, unreasonable, force upon her person.

96. Defendants Steberg and Sauskojus, jointly and severally, inflicted damages upon Plaintiff in excess of seventy-five thousand dollars (>$75,000), or such sum as the jury may award.

## CLAIM V: DENIAL OF EQUAL PROTECTION OF THE LAW (SEX DISCRIMINATION UNDER U.S. CONST. AMEND. XIV, THROUGH 42 U.S.C. § 1983)

97. Plaintiff realleges and reasserts each and every claim and averment above.

98. On 7 November 2012, at or near 0045 (12:45 a.m.), in Minneapolis, Minnesota, Defendants Steberg and Sauskojus, jointly and severally, in their individual capacities, under color of law as law enforcement officers, violated Plaintiff's clearly established right to be free from denial of equal protection of the law because of sex under the Fourteenth Amendment to the United States Constitution, protected through 42 U.S.C. § 1983, in their warrantless search of, and infliction of excessive, unreasonable force upon, Plaintiff's person, particularly in coercing her to pull her brassiere while grasping her over-garments and shake her brassiere to show she was not carrying unlawful controlled substances or contraband, while a passenger in the vehicle driven by Mr. Griffin, and without any articulable suspicion of unlawful conduct on Plaintiff's part, prior to, or during the seizure of the vehicle,, the Plaintiff, and Mr. Griffin.

99. Defendants Steberg and Sauskojus, jointly and severally in the respective individual capacities acting under color of law as Minneapolis police officers, acted with intentional, reckless, or conscious disregard of her clearly established rights to be free from

unreasonable seizure and infliction of excessive, unreasonable, force upon her person because of sex.

100. Defendants Steberg and Sauskojus, jointly and severally, inflicted damages upon Plaintiff in excess of seventy-five thousand dollars (>$75,000), or such sum as the jury may award.

**CLAIM VI: DENIAL OF EQUAL PROTECTION OF THE LAW (RACIAL DISCRIMINATION UNDER U.S. CONST. AMEND. XIV, THROUGH 42 U.S.C. § 1983)**

101. Plaintiff realleges and reasserts each and every claim and averment above.

102. On 7 November 2012, at or near 0045 (12:45 a.m.), in Minneapolis, Minnesota, Defendants Steberg and Sauskojus, jointly and severally, in their individual capacities, under color of law as law enforcement officers, violated Plaintiff's clearly established right to be free from denial of equal protection of the law because of race under the Fourteenth Amendment to the United States Constitution, protected through 42 U.S.C. § 1983, in their warrantless search of, and infliction of excessive, unreasonable force upon, Plaintiff's person, particularly in coercing her to pull her brassiere while grasping her over-garments and shake her brassiere to show she was not carrying unlawful controlled substances or contraband, while a passenger in the vehicle driven by Mr. Griffin, and without any articulable suspicion of unlawful conduct on Plaintiff's part, prior to, or during the seizure of the vehicle,, the Plaintiff, and Mr. Griffin, and in the individual Defendant's statement with respect to the reelection of President Barack Obama, "Four more years of celebrating more bullshit.."

103. Defendants Steberg and Sauskojus, jointly and severally in the respective individual capacities acting under color of law as Minneapolis police officers, acted with intentional, reckless, or conscious disregard of her clearly established rights to be free from unreasonable seizure and infliction of excessive, unreasonable, force upon her person because of race.

104. Defendants Steberg and Sauskojus, jointly and severally, inflicted damages upon Plaintiff in excess of seventy-five thousand dollars (>$75,000), or such sum as the jury may award.

**CLAIM VII: INFLICTION OF UNREASONABLE SEIZURE, INFLICTION OF EXCESSIVE FORCE, RETALIATORY INFLICTION OF EXCESSIVE FORCE, SEX DISCRIMINATION, AND RACIAL DISCRIMINATION (U.S. CONST. AMEND. I, IV, XIV, AND MONELL v. CITY OF NEW YORK, THROUGH 42 U.S.C. § 1983)**

105. Plaintiff realleges and reasserts each and every claim and averment above.

106. Defendant City of Minneapolis has evinced a record of failure to investigate meaningfully, and failure to hold accountable, Minneapolis police officers who violate clearly established constitutional rights of individuals to be free from  unreasonable search, unreasonable seizure, infliction of excessive, unreasonable force, to be free from physical retaliation for peaceful, nonviolent exercise of free speech toward law enforcement officers, to be free from discrimination in because of sex, and to be free from discrimination because of race.

107. The failures of the City of Minneapolis as set forth in paragraph 106 comprise an unwritten, but understood, custom, usage, and/or unofficial policy of the City of Minneapolis.

108. The unwritten, but understood custom, usage, and/or unofficial policy of the City of Minneapolis set forth in paragraph 107 motivated at least in part the actions of individual Defendants Steberg and Sauskojus in the unreasonable search, unreasonable seizure, infliction of excessive, unreasonable force, physical retaliation, sex discrimination, and race discrimination at Plaintiff's expense.

109. Defendant City of Minneapolis inflicted damages upon Plaintiff in excess of seventy-five thousand dollars (>$75,000), or such sum as the jury may award.

## CLAIM VIII: DISCRIMINATION IN THE ADMINISTRATION OF PUBLIC SERVICE BECAUSE OF SEX (MINN. STAT. § 363A.12)

110. Plaintiff realleges and reasserts each and every claim and averment above.

111. Individual Defendants Steberg and Sauskojus acted in the course and scope of their respective employment as Minneapolis police officers.

112. Defendant City of Minneapolis is responsible for the actions of individual Defendants Steberg and Sauskojus by *respondeat superior*.

113. Defendant City of Minneapolis violated Plaintiff's right to be free from sex discrimination in the administration of a public service, viz., interaction with Minneapolis police officers, under Minn. Stat. § 363A.12 of the Minnesota Human Rights Act.

114. Defendant City of Minneapolis inflicted damages upon Plaintiff in excess of seventy-five thousand dollars (>$75,000), or such sum as the jury may award.

**CLAIM IX: DISCRIMINATION IN THE ADMINISTRATION OF PUBLIC SERVICE BECAUSE OF RACE (MINN. STAT. § 363A.12)**

115. Plaintiff realleges and reasserts each and every claim and averment above.

116. Individual Defendants Steberg and Sauskojus acted in the course and scope of their respective employment as Minneapolis police officers.

117. Defendant City of Minneapolis is responsible for the actions of the individual Defendants by *respondeat superior.*

118. Defendant City of Minneapolis violated Plaintiff's right to be free from racial discrimination in the administration of a public service, viz., interaction with Minneapolis police officers, under Minn. Stat. § 363A.12 of the Minnesota Human Rights Act.

119. Defendant City of Minneapolis inflicted damages upon Plaintiff in excess of seventy-five thousand dollars (>$75,000), or such sum as the jury may award.

**CLAIM X: COMMON LAW FALSE ARREST**

120. Plaintiff realleges and reasserts each and every claim and averment above.

121. Defendants Steberg and Sauskojus, jointly and severally, intentionally physically confined Plaintiff without her consent and without lawful authority.

122. Defendants Steberg and Sauskojus acted in the course and scope of their respective employment as Minneapolis police officers.

123. Defendants Steberg and Sauskojus acted with intentional, reckless, or conscious disregard of Plaintiff's right to be free from false arrest.

123. Defendant City of Minneapolis is responsible for the actions of individual Defendants Steberg and Sauskojus by *respondeat superior.*

124. Defendants Steberg and Sauskojus and City of Minneapolis, jointly and severally, violated Plaintiff's right to be free from false arrest under the common law of Minnesota.

125. Defendants Steberg and Sauskojus and City of Minneapolis inflicted damages upon Plaintiff in excess of seventy-five thousand dollars (>$75,000), or such sum as the jury may award.

## CLAIM XI: COMMON LAW BATTERY

126. Plaintiff realleges and reasserts each and every claim and averment above.

Plaintiff realleges and reasserts each and every claim and averment above.

127. Defendants Steberg and Sauskojus, jointly and severally, intentionally inflicted offensive physical contact upon Plaintiff, specifically, in handcuffing her and injuring her right shoulder rotator cuff, without her consent or other lawful authority.

128. Individual Defendants Steberg and Sauskojus acted in the course and scope of their respective employment as Minneapolis police officers.

129. Individual Defendants Steberg and Sauskojus acted with intentional, reckless, or conscious disregard of Plaintiff's right to be free from unlawful battery.

130. Defendant City of Minneapolis is responsible for the actions of the individual Defendants by *respondeat superior*.

131. Defendants Steberg, Sauskojus, and City of Minneapolis, jointly and severally, violated Plaintiff's right to be free from unlawful battery under the common law of Minnesota.

132. Defendants Steberg, Sauskojus, and City of Minneapolis inflicted damages upon Plaintiff in excess of seventy-five thousand dollars (>$75,000), or such sum as the jury may award.

## CLAIM XII: COMMON LAW FALSE IMPRISONMENT

133. Plaintiff realleges and reasserts each and every claim and averment above.

134. Defendants Steberg and Sauskojus, jointly and severally, intentionally restricted the physical liberty of Plaintiff for approximately one hour on 7 November 2012 by their arrest and subsequent transport of Plaintiff to the Minneapolis Police Department Fourth Precinct Headquarters, where the Defendants physically restricted Plaintiff.

135. Plaintiff had actual awareness of the Defendants' actions in physically restricting her.

136. Defendants Steberg and Sauskojus had no lawful authority to restrict Plaintiff physically.

137. Defendants Steberg and Sauskojus acted with intentional, reckless, or conscious disregard of Plaintiff's right to be free from false imprisonment.

138. Defendant City of Minneapolis is responsible for the actions of individual Defendants Steberg and Sauskojus by *respondeat superior*.

139. Defendants Steberg, Sauskojus and City of Minneapolis, jointly and severally, violated Plaintiff's right to be free from false imprisonment under the common law of Minnesota.

140. Defendants Steberg, Sauskojus and City of Minneapolis inflicted damages upon Plaintiff in excess of seventy-five thousand dollars (>$75,000), or such sum as the jury may award.

## CLAIM XIII: VIOLATION OF RIGHT OF ACCESS TO PUBLIC AND PRIVATE DATA OF AND CONCERNING HERSELF (MINN. STAT. §§ 13.04 SUBD. 3, 13.03 SUBD. 3, AND 13.08 SUBD. 1, 2, AND 4)

141. Plaintiff realleges and reasserts each and every claim and averment above.

142. Defendant City of Minneapolis denied to Plaintiff her rights of access to public and private data concerning herself and the incident of 7 November 2012, including, without limitation, data that identify the individual officer(s) by name and badge number who physically seized and physically injured her, audio recordings of the incident, and video recordings of the incident.

143. The actions of Defendant City of Minneapolis frustrated Plaintiff's ability to evaluate potential claims arising from the 7 November 2012 incident.

144. The actions of Defendant City of Minnesota frustrated Plaintiff's ability to assist her attorneys in the evaluation of potential claims arising from the 7 November 2012.

145. The actions of Defendant City of Minnesota impeded Plaintiff's ability to hold accountable under the law the individual Defendant(s) who unreasonably searched, seized, and inflicted excessive, unreasonable and retaliatory force upon her.

146. The actions of Defendant City of Minneapolis, without lawful authority or exception under the law, in denying to Plaintiff access to public and private data concerning herself in the 7 November 2012 incident, perpetuated the unwritten usage, custom, and policy

possessing effective force of law that enables Minneapolis police officers to evade accountability under the law for unlawful actions in violation of clearly established constitutional, statutory, and common law.

147. The actions of Defendant City of Minneapolis in denying to Plaintiff access to public and private data concerning herself in the 7 November 2012 incident evinces willful, intentional, or conscious disregard of her clearly established rights as a data subject under the Minnesota Government Data Practices Act.

148. The actions of Defendant City of Minneapolis in denying to Plaintiff access to public and private data concerning herself in the 7 November 2012 incident inflicted general damages upon her in excess of seventy-five thousand dollars (>$75,000), or such sum as the jury may award.

149. The actions of Defendant City of Minneapolis in denying to Plaintiff access to public and private data concerning herself in the 7 November 2012 incident warrant exemplary damages to the maxium allowed by law, or such sum as the jury may award.

150. The actions of Defendant City of Minneapolis in denying to Plaintiff access to public and private data concerning herself in the 7 November 2012 incident merit declaratory relief, injunctive relief to prevent unlawful conduct in the future that is incompatible with the Minnesota Government Data Practices Act.

151. In the City of Minneapolis' denial to Plaintiff access to public and private data concerning herself in the 7 November 2012 incident, Plaintiff is an aggrieved party under the Minnesota Government Data Practices Act, who merits mandamus relief under Minn. Stat. § 13.08 subd. 4(a) compelling that City of Minneapolis to turn over to Plaintiff all

public and private data concerning her, including, without limitation, paper records identifying the officer(s) by name and badge number who physically arrested, handcuffed, and injured her, all audio recordings of the incident, and all video recordings of the incident, in the possession or control of the City of Minneapols.

**WHEREFORE PLAINTIFF PRAYS FOR THE FOLLOWING RELIEF:**

A. Judgment against Defendant City of Minneapolis;

B. Judgment against the individual Defendants, Steberg and Sauskojus, jointly and severally;

C. Compensatory damages against the City of Minneapolis in excess of seventy-five thousand dollars (>$75,000), or such sum as the jury may award;

D. Compensatory damages against the individual Defendants, Steberg and Sauskojus, jointly and severally, in excess of seventy-five thousand dollars (>$75,000), or such sum as the jury may award;

E. Punitive damages against the individual Defendants, Steberg and Sauskojus, jointly and severally, in excess of seventy-five thousand dollars (>$75,000), or such sum as the jury may award;

F. Punitive damages against the individual Defendants, Steberg and Sauskojus, jointly and severally, in excess of seventy-five thousand dollars (>$75,000), or such sum as the jury may award, on Plaintiff's common law false arrest, false imprisonment, and battery claims.

G. Punitive damages against the City of Minneapolis to the maximum allowed under the Minnesota Human Rights Act, or such sum as the jury may award;

H. Civil penalty against the City of Minneapolis to the maximum allowed under the Minnesota Human Rights Act, or such sum as the jury may award;

I. Exemplary damages against the City of Minneapolis to the maximum allowed under

Minn. Stat. § 13.08 subd. 1 of the Minnesota Government Data Practices Act, or such sum as the jury may award;

J. Civil penalty up to $1,000 against the City of Minneapolis under Minn. Stat. § 13.08 subd. 4(a) of the of the Minnesota Government Data Practices Act;

K. Civil penalty against the City of Minneapolis under the Minnesota Human Rights Act, for such sum as the jury may determine;

L. Declaratory relief in the favor of the Plaintiff against the City of Minneapolis under Minn. Stat. § 13.08 subd. 2 of the Minnesota Government Data Practices Act and the Minnesota Human Rights Act;

M. Mandamus relief in the favor of the Plaintiff against the City of Minneapolis under Minn. Stat. § 13.08 subd. 4(a), compelling the City of Minneapolis to produce all video recordings, audio recordings, Use of Force reports, all police reports relating to CCN MP 12-347920 identifying the individual officer who seized Plaintiff and injured her right shoulder, and all other police records relating to CCN MP 12-347920 to which Plaintiff has requested access;

N. Trebling of all damages against the City of Minneapolis for acts constituting sex or race discrimination in the furnishing of a public service, in accordance with Minn. Stat. § 363A.29 subd. 4;

O. Imposition of a rebuttable evidentiary presumption instructing the jury that the photographs of Plaintiff that the City of Minneapolis failed to maintain would, if maintained and disclosed to the Plaintiff, show that she suffered physical injury at the hands of Defendants Steberg and Sauskojus;

P. Costs and disbursements;

Q. Expert witness fees under Minn. Stat. §§ 363A.33 and 13.08 subd. 1

R. Reasonable attorney fees under 42 U.S.C. § 1988 and Minn. Stat. §§ 363A.33 and 13.08 subd. 1 and 4; AND

S. All other lawful relief, appropriate, reasonable, and justified under the circumstances.

**PLAINTIFF DEMANDS JURY TRIAL ON ALL CLAIMS TRIABLE TO A JURY**

## **VERIFICATION**

I, Carmon Lang, Plaintiff in this lawsuit, having read this Amended Complaint, under penalty of law for making any knowing and intentional false statement, hereby affirm, to the best of my present knowledge on this date, that all statements in this Verified Complaint, except those statements made on information and belief and those statements by my attorney identifying the claims in my lawsuit by name, are true.

Dated: 7/24/14

Carmon Lang

Reviewed and signed in accordance with Fed. R. Civ. P. 11 and Minn. R. Civ. P. 11.

Date: 07/28/2014                               MARK LUTHER LAW OFFICE


                                      /s/ *Mark D. Luther*
                                     Mark D. Luther, MN Att'y _65419_
                                     Attorney for the Plaintiff
                                     13911 Ridgedale Drive, Suite 401B
                                     Minnetonka, Minnesota 55305
                                     952.931.9398/FAX 952.931.9347
                                     marklutherlawoffice@mac.com
                                     www.marklutherlawoffice.com

                                     PETER J. NICKITAS LAW OFFICE, LLC

                                     /s/
                                         *Peter J. Nickitas*
                                     Peter J. Nickitas, MN Att'y #212313
                                     Co-counsel for the Plaintiff
                                     431 S. 7th Street, Suite 2446
                                     P.O. Box 15221
                                     Minneapolis, Minnesota 55415-0221
                                     651.238.3445/FAX 1.888.389.7890
                                     peterjnickitaslawllc@gmail.com