**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Carmon Lang, | Civil No. 13-3008 (DWF/TNL) |
| Plaintiff, | |
| v. | **MEMORANDUM** |
| | **OPINION AND ORDER** |
| City of Minneapolis, Minnesota, a government entity and political subdivision of the state of Minnesota; and Brandy Steberg, in own individual capacity acting under color of law as a Minneapolis Police Officer, | |
| Defendants. | |

Mark D. Luther, Esq., and Peter J. Nickitas, Esq., counsel for Plaintiff.

Sarah C. S. McLaren, Assistant City Attorney, Office of the Minneapolis City Attorney, counsel for Defendants.

## INTRODUCTION

This matter is before the Court on Plaintiff Carmon Lang's ("Plaintiff") Motion to Amend and Alter Judgment. (Doc. No. 72.) For the reasons set forth below, the Court denies Plaintiff's motion.

## BACKGROUND

On November 4, 2013, Plaintiff commenced this lawsuit against Defendants. (*See* Doc. No. 1 ("Compl.").) Plaintiff subsequently filed an Amended Complaint and

Second Amended Complaint.  (*See* Doc. No. 32 ("Am. Compl."); Doc. No. 45 ("Second Am. Compl.").)

On January 15, 2015, Defendants moved for partial summary judgment on Plaintiff's Second Amended Complaint and for dismissal of Defendant Officer Karl Sauskojus ("Officer Sauskojus") as a defendant in this action.  (Doc. No. 53.)  On August 6, 2015, the Court granted Defendants' motion for partial summary judgment and dismissed Officer Sauskojus as a defendant.[1]  (Doc. No. 69.)

Plaintiff now moves to amend and alter the Court's August 6, 2015 Order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure with respect to the Court's grant of partial summary judgment to Officer Sauskojus and dismissal of Officer Sauskojus from this lawsuit.  (Doc. No. 72.)  Defendants oppose Plaintiff's motion.  (Doc. No. 75.)

## DISCUSSION

"Rule 59(e) motions serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'  Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment."  *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (internal quotations omitted); *see also Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998).  Relief under Rule 59(e) is granted only in "extraordinary" circumstances.  *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986).  The Court has

---

[1] The allegations contained within Plaintiff's Second Amended Complaint as well as the factual and procedural background of this case are set forth in detail in the Court's August 6, 2015 Order.  (Doc. No. 69.)

2

considered the parties' arguments and reviewed the evidence that was before the Court at the time of summary judgment and concludes that it committed no manifest error of law or fact that would warrant altering or amending its determinations in this case.

Plaintiff argues that the Court manifestly erred by concluding that Plaintiff's claims against Officer Sauskojus should be dismissed. (Doc. No. 73.) In support of this argument, Plaintiff contends that "Lang pleaded an excessive force claim against Defendants Steberg and Sauskojus jointly and severally" and that "Lang made a triable issue of Officer Sauskojus' infliction of excessive force by grabbing her arm, the shoulder of which suffered the right shoulder rotator cuff injury requiring surgery, as he helped Officer Steberg handcuff her." (*Id.* at 3-4.)

Defendants, on the other hand, argue that Plaintiff's motion "fails procedurally and on the merits." (Doc. No. 75 at 2.) Defendants contend that "Rule 59(e) cannot provide a basis for Plaintiff's motion" because "no judgment has been entered" and because "Plaintiff seeks to re-argue the issue of whether Sauskojus is entitled to dismissal from this action on summary judgment." (*Id.* at 3.) Further, Defendants argue that "Plaintiff's motion is essentially a motion for the Court to reconsider its dismissal of Sauskojus from the lawsuit" and that Plaintiff has failed to follow the proper procedure under Local Rule 7.1(j) to make such a motion because "a party cannot file a motion to reconsider except upon a showing of compelling circumstances and with the Court's prior permission," which Plaintiff did not follow in this case. (*Id.*) Moreover, Defendants argue that Plaintiff's motion fails on the merits because "accept[ing] Plaintiff's entire testimony, including parts that are not helpful to her case," such as her testimony that she

"did not recall Officer Sauskojus laying hands on her at all," Officer Sauskojus was properly dismissed from this action. (*Id.* at 1, 4.)

It appears to the Court that Plaintiff is attempting to relitigate the arguments she made at the motion for summary judgment stage. As this Court has previously acknowledged, a manifest error of law is created by a disregard, misapplication, or failure to recognize controlling precedent, not by the disappointment of the losing party. *See ProGrowth Bank, Inc. v. Wells Fargo Bank, N.A.*, Civ. No. 07-1577, 2007 WL 4322002, at *5 (D. Minn. Dec. 5, 2007). The Court has already considered and rejected the arguments that form the basis of Plaintiff's Rule 59(e) motion. Moreover, Plaintiff offers no newly discovered evidence or law that would merit a reversal of the Court's August 6, 2015 Order. Plaintiff has identified no "extraordinary" circumstances that would warrant the relief requested. The Court thus concludes that Plaintiff has failed to establish any manifest error of law or fact requiring amendment of the Court's Order. Accordingly, the Court denies Plaintiff's motion.[2]

## ORDER

Based on the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Carmon Lang's Motion to Amend and Alter Judgment (Doc. No. [72]) is **DENIED**.

---

[2] Alternatively, to the extent Plaintiff's request may be construed as a request for reconsideration of the Court's August 6, 2015 Order (Doc. No. 69), Plaintiff has failed to show compelling circumstances sufficient to permit such a motion. *See* D. Minn. LR 7.1(j).

2.    The Court urges the parties to consider a settlement to resolve the remaining claims at issue in this dispute, with or without the assistance of United States Magistrate Judge Tony N. Leung, because a settlement might well serve the best interests of all parties.  If the Court can be of assistance in this matter, the parties should contact Brenda Schaffer, Calendar Clerk for the undersigned, at (651) 848-1296.

Dated:  September 2, 2015           s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge